**NOT FOR CITATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE CABLE NEWS NETWORK AND TIME MAGAZINE "OPERATION TAILWIND" LITIGATION | Case No. C 99-21191 JF (RS)<br>Lead Case No. C 98-20946 JF (RS)<br>MDL Case No. 1257 |
| This order relates to:<br><br>*Hagen v. Cable News Network, et al.*<br>C 99-21191-JF (RS) | ORDER[1] GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |

Defendants move for summary judgment with respect to the remaining claims of Plaintiff Michael Hagen ("Hagen"). The Court has considered the parties' briefing as well as the arguments presented at the hearing on May 19, 2006. For the reasons' discussed below, the motions will be granted.

**I. BACKGROUND**

This litigation arises out of Defendants' publication of reports about Operation Tailwind, a secret mission carried out during the Vietnam War. The parties and the Court are familiar with

---

[1] This disposition is not designated for publication and may not be cited.

the factual and procedural background of the case, which need not be set forth again here except as relevant to the instant motion.

Hagen was a platoon sergeant who participated in Operation Tailwind. He provided in-depth interviews regarding his experiences during Operation Tailwind, portions of which were used in the reports at issue. He alleges that Defendants duped him into providing the interviews by pretending that they were doing a story on his medical condition that would help him obtain benefits from the Veterans Administration. He further alleges that Defendants never revealed that their true objective was to obtain information for a sensational story about Operation Tailwind. Hagen alleges that Defendants knew that he suffered from mental illness and was on numerous prescription drugs, and deliberately took advantage of his condition by encouraging him to make statements that would increase the sensational impact of the Operation Tailwind story. Finally, Hagen alleges that Defendants knew that he was incapable of giving knowing and intelligent consent to the use of his photographs and interviews.

A number of Hagen's original claims have been adjudicated by motion. Defendants seek summary judgment with respect to Hagen's remaining claims of fraud, intentional infliction of emotional distress and defamation.

## II. LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the Court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that

party, could resolve the material issue in his or her favor. *Anderson*, 477 U.S. 242, 248-49; *Barlow v. Ground*, 943 F.2d 1132, 1134-36 (9th Cir. 1991).

### III. DISCUSSION

**A.   Lack Of Substantive Opposition**

As is discussed in more detail below, the Court concludes that Defendants have submitted evidence sufficient to meet their initial burden with respect to all three of Hagen's remaining claims. The burden thus shifts to Hagen to present specific facts showing that there is a genuine issue for trial. Hagen has not submitted any evidence in opposition. His entire written opposition consists of a single sentence stating that he joins in the Plancich Plaintiffs' oppositions to the motions for summary judgment filed against them in the *Plancich* action.[2] However, the Plancich Plaintiffs' briefs do not address most of the grounds upon which Defendants seek summary judgment against Hagen. For example, the Plancich briefs do not address fraud or intentional infliction of emotional distress, because the Plancich Plaintiffs do not allege those claims. Moreover, while the Plancich briefs do address defamation, they do not address whether Hagen suffered special damages as a result of the alleged defamation, which is a critical issue with respect to the motions against Hagen.

At the hearing, counsel for Hagen took full responsibility for the failure to file an opposition brief, stating that personal issues impacted his business during the last year. Counsel also stated that he had believed that he had an agreement with counsel for the Plancich Plaintiffs, under which the Plancich brief would address the issues particular to Hagen's claims, and that there must have been some miscommunication because the Plancich brief did not address those issues. While it is appreciative of counsel's willingness to accept responsibility for the current posture of the case, and sympathetic to whatever circumstances have arisen in counsel's personal life, the Court is mindful of the fact that Defendants have expended resources to bring summary judgment motions that, on the current record, appear to be meritorious. Accordingly, the Court concludes that it is appropriate to rule on the motions at this time. The Court's ruling is without

---

[2] *Plancich, et al. v. Cable News Network, LLP, et al.*, Case No. 99-20137 JF (RS).

prejudice to a motion for relief pursuant to Federal Rule of Civil Procedure 60(b), if counsel for Hagen believes that he can set forth facts adequately explaining the lack of substantive opposition to Defendants' motions.

**B.     Fraud**

The elements of a fraud claim under California law are:  (1) a misrepresentation or omission, (2) knowledge of falsity (scienter), (3) intent to defraud, (4) justifiable reliance and (5) resulting damages.  *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996).  A fraud claim may lie where the misrepresentation at issue is a false promise – that is, a promise that the defendant did not intend to keep at the time it was made.  *Id.*

Hagen alleges that CNN, through its producer Amy Kasarda, promised to help him obtain Veterans benefits when Kasarda and CNN had no intention of keeping this promise.[3]  Hagen further alleges that Kasarda and CNN made this promise with the intent to defraud Hagen into giving them access to intensely private information about Hagen's experiences in Vietnam and his medical problems arising out of those experiences.  Hagen alleges that he justifiably relied upon the representations of Kasarda and CNN, and therefore gave them access to his home, family, medical records and memories.  Hagen alleges that he suffered severe emotional distress when he discovered that Kasarda and CNN did not intend to help him obtain Veterans benefits and instead were broadcasting private and personal information as part of a sensational news story.

Defendants Kasarda and CNN point to Hagen's own deposition testimony in which he admitted that Kasarda and CNN did not make any specific promises about what piece CNN would do, or what the piece would say.  Hagen also admitted that he believed he would be interviewed about both his health problems and Operation Tailwind.  Kasarda states in her declaration that at the time of the interview CNN was considering including a segment specifically on Hagen's health problems.  Kasarda Decl. ¶ 17.  Thus, although Hagen's own deposition testimony concedes that Kasarda did not make any representations as to the content of

---

[3] Time Inc. is not named as a defendant to the fraud claim.

the piece, if Kasarda did represent that the piece would be about Hagen's health problems, Kasarda's declaration indicates that such representation was true when made. This evidence is sufficient to negate the false promise upon which Hagen's fraud claim is based.[4]

Hagen does not present any evidence in opposition. Accordingly, Defendants' motion will be granted as to the fraud claim.

**C.    Intentional Infliction Of Emotional Distress**

The elements of a claim of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard for the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Wilkins v. National Broadcasting Co., Inc.*, 71 Cal.App.4th 1066, 1087 (1999).

Hagen alleges that Defendants deliberately took advantage of his weakened mental and physical condition in order to trick him into revealing highly personal and private information which they then broadcasted to the world at large; that he suffered severe emotional distress for which he required medical treatment; and that this emotional distress was caused by Defendants' conduct.

Because Hagen's claim for intentional infliction of emotional distress is based upon his allegations of Defendants' fraudulent conduct, and Defendants are entitled to summary judgment with respect to the fraud claim, Defendants are entitled to summary judgment with respect to the emotional distress claim as well. As an additional basis for summary judgment, Defendants point to an absence of evidence in the record that Hagen suffered severe or extreme emotional distress. Hagen received psychiatric treatment for years before the CNN broadcast, and there does not appear to be any evidence in the record that Hagen's depression and other conditions worsened because of the broadcast.

---

[4] Defendants additionally argue that to the extent they promised to help Hagen obtain benefits, they *did* help him by contacting the VA for interviews. The VA declined, but shortly thereafter raised Hagen's disability rating and gave him the benefits he had been seeking unsuccessfully for two years.

5

Case No. C 99-21191 JF (RS) / Lead Case No. C 98-20946 JF (RS)
ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
(JFLC2)

1  Hagen does not present any evidence in opposition. Accordingly, Defendants' motion
2  will be granted as to the emotional distress claim.

3  **D.   Defamation**

4  California's retraction statute, California Civil Code § 48a, provides legal protection to
5  the publisher of a "newspaper." Cal. Civ. Code § 48a. Whether a publication is called a
6  "newspaper" is not controlling; the substance of the publication controls. *Burnett v. National*
7  *Enquirer, Inc.*, 144 Cal.App.3d 991, 1004 (1983). The inquiry turns upon whether the
8  publication engages in the immediate dissemination of news. *Id.*

9  This Court previously ruled that, because Hagen failed to comply with California's
10 retraction statute, his defamation claim is limited to special damages with respect to CNN. The
11 Court left open the question of whether Time Inc. is entitled to protection under the retraction
12 statute. Defendants introduce substantial evidence that TIME Magazine does disseminate
13 breaking news. During the period in question, TIME Magazine was distributed each week, as
14 early as Sunday evening at some newsstands. Stacks Decl. ¶ 9. TIME often changed the
15 magazine's cover to reflect new reporting on breaking news as late as Sunday night. *Id.* at ¶ 10.
16 TIME researched and developed stories up to the time of publication. *Id.* This evidence is
17 sufficient to meet the initial burden of Time Inc. as to whether TIME Magazine disseminates
18 breaking news. Hagen has not submitted any substantive opposition on this point.

19 Based upon the evidence in the record, the Court must conclude that the retraction statute
20 applies to Time Inc. as well as CNN. Because Hagen failed to comply with the retraction statute,
21 he is limited to special damages arising out of the defamation. Defendants point to an absence of
22 evidence in the record of any special damages. Hagen previously indicated that he had suffered
23 special damages in the form of medical bills. However, Hagen failed to produce any specific
24 medical bills when asked for such bills in discovery. Accordingly, there does not appear to be
25 any evidence in the record that Hagen suffered any special damages.

26 Based upon Defendants' evidence, and in the absence of substantive opposition, the Court
27 will grant Defendants' motions as to the defamation claim.

28

1 **IV. ORDER**

2   Defendants' motions for summary judgment against Hagen are GRANTED.

14 DATED: 5/19/06

_____
JEREMY FOGEL
United States District Judge

Copies of Order mailed to:

Counsel for Plaintiff:

Kevin R. McLean
Law Offices of Belli & McLean LLC
473 Jackson Street, Second Floor
San Francisco, CA 94111

Counsel for Defendants:

Kevin T. Baine
Nicole Seligman
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Steven R. Manchester
Manchester, Williams & Seibert
125 S. Market St., Suite 1100
San Jose, CA 95113-2286

Case No. C 99-21191 JF (RS) / Lead Case No. C 98-20946 JF (RS)
ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
(JFLC2)