NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CABLE NEWS NETWORK AND TIME MAGAZINE "OPERATION TAILWIND" LITIGATION<br><br>This document relates to:<br><br>Hagen v. Cable News Network, et al. | Case No.        C 99-21191 JF (RS)<br>Lead Case No.  C 98-20946 JF (RS)<br>MDL Case No.   1257<br><br>ORDER DENYING PLAINTIFF HAGEN'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)<br><br>[re: doc. no. 58] |

Plaintiff Michael Hagen ("Hagen") moves for relief from judgment pursuant to Rule 60(b) of the Federal Rule of Civil Procedure. The Court has considered the parties' briefing as well as the oral arguments presented at the hearing on August 18, 2006. For the reasons discussed below, the motion will be denied.

## I. BACKGROUND

This litigation arises out of Defendants' publication of reports about Operation Tailwind, a secret mission carried out during the Vietnam War. Hagen was a platoon sergeant who participated in Operation Tailwind. He alleges that Defendants duped him into providing

interviews regarding his experiences by pretending that they were doing a story on his medical condition that would help him obtain benefits from the Veterans Administration.  He further alleges that Defendants never revealed that their true objective was to obtain information for a sensational story about Operation Tailwind and, additionally, that Defendants knowingly took advantage of his mental illness by encouraging him to make statements that would increase the sensational impact of the story.  Finally, Hagen alleges that Defendants knew that he was incapable of giving knowing and intelligent consent to the use of his photographs and interviews.

On May 19, 2006, the Court granted Defendants' motion for summary judgment with respect to all of Hagen's claims (fraud, intentional infliction of emotional distress and defamation), holding as follows:

> As is discussed in more detail below, the Court concludes that Defendants have submitted evidence sufficient to meet their initial burden with respect to all three of Hagen's remaining claims.  The burden thus shifts to Hagen to present specific facts showing that there is a genuine issue for trial.  Hagen has not submitted any evidence in opposition.  His entire written opposition consists of a single sentence stating that he joins in the Plancich Plaintiffs' oppositions to the motions for summary judgment filed against them in the *Plancich* action.  However, the Plancich Plaintiffs' briefs do not address most of the grounds upon which Defendants seek summary judgment against Hagen.  For example, the Plancich briefs do not address fraud or intentional infliction of emotional distress, because the Plancich Plaintiffs do not allege those claims.  Moreover, while the Plancich briefs do address defamation, they do not address whether Hagen suffered special damages as a result of the alleged defamation, which is a critical issue with respect to the motions against Hagen.

Order of 5/19/06 at 3.  The Court entered judgment for Defendants on the same date.

## II. DISCUSSION

Rule 60(b) provides in relevant part as follows:

> (b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff seeks relief under subdivisions (b)(1) and (b)(6).

**A.     Subsection (b)(1) - Excusable Neglect**

Hagen's counsel has accepted full responsibility for the failure to file a substantive opposition, and requests that the Court find that the failure was the result of excusable neglect. He submits a declaration stating that during the time frame that Hagen's opposition to the summary judgment motion was due, he:  was embroiled in a dispute with disgruntled former employees who were attempting to force sale of his home to satisfy a legal judgment; had to fire all of his legal staff; was dealing with his father's serious illness (counsel's father in fact died the day before the scheduled hearing on the summary judgment motion, resulting in a four-month continuance of the hearing); arranged for an opposition to be filed on behalf of Hagen by the firm representing the plaintiffs in the related *Plancich* action[1]; and believed such opposition had been filed. Counsel further states that after the opposition was due, he was notified by counsel in the *Plancich* action that his name inadvertently had been left off the *Plancich* plaintiffs' opposition to Defendants' summary judgment motion. Counsel states that he immediately filed a joinder in the *Plancich* plaintiffs' opposition.

As noted above, the *Plancich* plaintiffs' opposition did not address Hagen's fraud and emotional distress claims at all.  While the opposition did address defamation, it did not address particular aspects of *Hagen's* defamation claim that differed from the *Plancich* plaintiffs' defamation claim.  It is unclear from this record whether Hagen's counsel realized that the *Plancich* opposition was silent at to his client's claims at the time he filed his joinder on November 18, 2005.  However, he apparently realized this fact at least before the original hearing date of January 13, 2006, because at the hearing on the instant Rule 60(b) motion counsel stated that he had intended to ask the Court for leave to file a substantive opposition at the January 13 hearing.  The January 13 hearing was continued four months until May 19, 2006 at the request of Hagen's counsel after the death of his father.  At no time during this four-month period did counsel seek leave of the Court to file a substantive opposition on behalf of Hagen.  Counsel

---

[1] *Plancich, et al. v. Cable News Network LP, LLP, et al.*, Case No. C 99-20137 JF (RS).

3

Case No. C 99-21191 JF (RS)
ORDER DENYING PLAINTIFF HAGEN'S RULE 60(b) MOTION
(JFLC2)

1   instead waited until the May 19 hearing date – six months after substantive opposition was due
2   and four months after the initial hearing date at which counsel had intended to seek relief – to
3   request an extension of time within which to file substantive opposition.

4         While it empathizes with counsel, the Court cannot grant relief based upon these facts.
5   "[A]ttorney error is insufficient grounds for relief under both Rule 60(b)(1) and (6)." *Allmerica*
6   *Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997); *see also Engelson v.*
7   *Burlington N. R.R. Co.*, 972 F.2d 1038, 1043-44 (collecting cases). Relief under Rule 60(b)(1) is
8   unavailable even if the attorney's error rises to the level of malpractice. *Casey v. Albertson's*
9   *Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (holding that "[a]s a general rule, parties are bound by
10  the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to
11  set aside a judgment pursuant to Rule 60(b)(1)").

12        Even if the Court could distinguish the numerous cases holding that attorney neglect does
13  not constitute a ground for relief under Rule 60(b)(1), counsel has failed to demonstrate that
14  relief is appropriate under the applicable test. A court determining whether neglect is excusable
15  under Rule 60(b)(1) must balance four factors: "(1) the danger of prejudice to the non-moving
16  party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for
17  the delay, including whether it was within the reasonable control of the movant, and (4) whether
18  the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir.
19  2004) (citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507
20  U.S. 380, 395 (1993)).

21        Defendants would be prejudiced if the Court were to set aside judgment at this late date.
22  The case has been litigated for seven years. Defendants filed a duly noticed motion for summary
23  judgment, submitted sufficient evidence to meet their initial burden, and obtained judgment.
24  Defendants are entitled to closure. Hagen's delay in seeking relief was substantial. Counsel
25  could have explained his circumstances and sought relief at any time during the six months
26  between filing the joinder in the *Plancich* plaintiffs' opposition and the hearing date.
27  Alternatively, if counsel felt unable to continue litigating the action because of personal
28  circumstances, he could have assisted Hagen in finding new representation. Counsel has offered

no explanation for his failure to follow one of these courses, other than to state that he intended to ask for relief at the May 19 hearing. Accordingly, while the Court does not doubt the sincerity of counsel's representations, relief under Rule 60(b)(1) simply would not be appropriate.

**B.     Subsection (b)(2) – Catchall**

Hagen's counsel argues that if subsection (b)(1) does not apply, then relief should be granted under the catchall provision of subsection (b)(6). However, "Rule 60(b)(6) is not a substitute for 60(b)(1)." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1050 (9th Cir. 1993). Hagen's motion falls squarely within the category of conduct that can give rise to relief under Rule 60(b)(1); the fact that Hagen fails to meet the standards of Rule 60(b)(1) does not provide an adequate ground for turning to the catchall provision of Rule 60(b)(6). To the contrary, "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice. The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Alpine Land & Reservoir Co.* at 1049. While Hagen's counsel has detailed a number of unfortunate events, those events do not rise to the level of "extraordinary circumstances" that would have prevented him from filing a substantive opposition at some point before May 19.

**C.     Merits Of Summary Judgment Motion**

Counsel for Hagen devotes the bulk of his Rule 60(b) motion brief to substantive argument regarding Defendants' summary judgment motion. For the reasons discussed above, the Court concludes that the Rule 60(b) motion is without merit. However, because it is not without sympathy for counsel's circumstances and because of the severe consequences of this determination to Hagen, the Court also has considered Hagen's substantive arguments.

In its order of May 19, 2006, the Court concluded that Hagen's own deposition testimony and Defendant Kasarda's declaration were sufficient to negate the false promise upon which Hagen's fraud claim is based. The portions of Hagen's deposition testimony cited in his Rule 60(b) motion do not create a triable issue of material fact as to whether a false promise was made. Hagen argues that there is at least a triable issue as to whether there was a fraudulent omission. However, Hagen's claim unambiguously has been framed and litigated as based upon

a false promise that CNN would help Hagen obtain Veterans benefits when Kasarda and CNN had no intention of keeping this promise; a theory of fraudulent omission has not been asserted.

Hagen's claim for intentional infliction of emotional distress is based upon his fraud claim. The Court concluded that judgment on the fraud claim thus entitled Defendants to judgment on the emotional distress claim as well. Moreover, the Court concluded that the record did not contain any evidence that Hagen suffered severe or extreme emotional distress as a result of Defendants' conduct; Hagen had received psychiatric treatment for years before the CNN broadcast, and there was no evidence in the record that Hagen's depression and other conditions worsened because of the broadcast. Hagen's Rule 60(b) motion does not offer arguments as to this claim.

With respect to Hagen's defamation claim, the Court concluded that California's retraction statute applies to Time Inc. as well as CNN; that Hagen failed to comply with the retraction statute and thus is limited to special damages arising out of the defamation; and that there is no evidence in the record of any special damages. Hagen's Rule 60(b) motion argues that the retraction statute is not applicable. Even considering those arguments on the merits, however, the Court is not be inclined to reconsider its determination that the retraction statute is applicable. Hagen's Rule 60(b) motion does not offer evidence of special damages.

### III. ORDER

Plaintiff Hagen's motion for relief from judgment under Rule 60(b) is DENIED.

DATED: 9/21/06

_____
JEREMY FOGEL
United States District Judge

6

Case No. C 99-21191 JF (RS)
ORDER DENYING PLAINTIFF HAGEN'S RULE 60(b) MOTION
(JFLC2)

Copies of Order served on:

Counsel for Plaintiff:

Kevin R. McLean
Law Offices of Belli & McLean LLC
473 Jackson Street, Second Floor
San Francisco, CA 94111

Counsel for Defendants:

Kevin T. Baine
Nicole Seligman
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Steven R. Manchester
Manchester, Williams & Seibert
125 S. Market St., Suite 1100
San Jose, CA 95113-2286

Case No. C 99-21191 JF (RS)
ORDER DENYING PLAINTIFF HAGEN'S RULE 60(b) MOTION
(JFLC2)